IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VINCENT LOMAX,**

    **Plaintiff,**

    **v.**

**CITY OF PITTSBURG, KANSAS, et al.,**

    **Defendants.**

Case No. 16-2737-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff Vincent Lomax, proceeding *pro se* and *in forma pauperis*, brought this action against the City of Pittsburg, Kansas ("the City") and the Southeast Kansas Community Action Program, Inc. ("SEK-CAP") under 42 U.S.C. § 1983, alleging violation of his "constitutional & statutorily guaranteed civil rights." The Amended Complaint also names Becky Gray, Deena Hallacy, Amanda Roedel, Steve Lohr, and Timi Myers, individually and in their official capacity as agents, officers, and employees of Defendants. Before the Court are Defendants' respective Motions to Dismiss Pursuant to Fed. R. 12(b)(6) (Docs. 14, 16, 24, 27). Plaintiff has failed to respond to the motions and the time to do so has expired. The motions can therefore be granted for failure to file a response. The motions can also be granted on the merits, as described more fully below.

### I.    Failure to Respond

Plaintiff failed to file a response to the motions to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court may grant Defendants' motions to dismiss as uncontested.

## II.  Motion to Dismiss

Liberally construing Plaintiff's *pro se* Amended Complaint, as it must,[3] the Court also finds that the Amended Complaint must be dismissed on the merits for the reasons identified in Defendants' respective motions to dismiss.  First, with respect to the City and Defendants Gray, Hallacy, and Roedel, who are or were employees of the City who worked in the Pittsburg Housing Authority, Plaintiff's Amended Complaint does not identify any constitutional provision or constitutional right that was violated.  Instead, his claim appears to be based entirely upon statutory rights, including federal statutes concerning housing discrimination.[4]  But Plaintiff does not plead any facts suggesting how the City or the individual Defendants acted "jointly or collectively," or even what the City or the individual Defendants allegedly did to violate his rights.  Plaintiff's bare allegation of wrongdoing is insufficient for the Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged."[5]

---

[2]*Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4]Plaintiff cites or attaches 42 U.S.C. § 1437f (pertaining to low-income housing assistance); 42 U.S.C. § 3604 (concerning discrimination in the sale or rental of housing); 42 U.S.C. §§ 3610–3613 (concerning the filing of complaints with the Secretary of the Department of Housing and Urban Development and related investigative procedures).

[5]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, "[m]unicipalities may not be held liable under § 1983 on a respondeat superior theory."[6] A municipality may only be held liable under § 1983 "if an official custom or policy caused a violation of plaintiff's constitutional rights,"[7] or "if an individual with final policymaking authority violated plaintiff's constitutional rights."[8] Plaintiff fails to allege any facts or allegations suggesting that an official custom or policy of the City, including the Pittsburg Housing Authority, caused a violation of his rights. Instead, he alleges only that the City engaged in "unlawful application of certain administrative policies, provisions, rules, regulations and guidelines." Thus, Plaintiff cannot make out a claim that any policy of the City caused a violation of his rights.

Second, Plaintiff's claims against SEK-CAP and Defendants Lohr and Myers, who serve respectively as Executive Director and Housing and Homeless Coordinator for SEK-CAP, are similarly insufficient. Plaintiff makes no effort to specify which of the cited statutes was allegedly violated by SEK-CAP, nor does he specify how SEK-CAP or its employees violated any statutes. While Plaintiff makes broad allegations regarding the violation of his constitutional rights, he fails to specifically articulate what those rights are and how they have been violated.

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[9] Leave need not be granted if amendment would be futile.[10] However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing

---

[6] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978).

[7] *Dempsey v. City of Baldwin City*, 333 F. Supp. 2d 1055, 1070 (D. Kan. 2004), *aff'd sub nom., Dempsey v. City of Baldwin*, 143 F. App'x 976 (10th Cir. 2005) (citing *Monell*, 436 U.S. at 692).

[8] *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–84 (1986)).

[9] *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[10] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

some important element, the Court should allow him leave to amend.[11]  The Court finds that leave to amend would be futile.  Plaintiff, who has previously been granted leave to amend his Complaint, has not alleged facts that come close to stating a claim under § 1983 against any of the Defendants.  For all of these reasons, Plaintiff's claims must be dismissed in their entirety.

**IT IS THEREFORE ORDERD BY THE COURT** that Defendant SEK-CAP's Motion to Dismiss (Doc. 14), Defendant City of Pittsburg's Motion to Dismiss (Doc. 16), Defendants Lohr and Myers's Motion to Dismiss (Doc. 24), and Defendants Gray, Hallacy, and Roedel's Motion to Dismiss (Doc. 27) are **granted**.

**IT IS SO ORDERED.**

Dated: February 14, 2017

                                                  S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE

---

[11] *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).